1  Michael N. Westheimer (State Bar No. 178938)
       E-mail: Michael.Westheimer@bakernet.com
2  Brian Wong (State Bar No. 260913)
       E-mail: Brian.Wong@bakernet.com
3  **BAKER & McKENZIE LLP**
   660 Hansen Way
4  Palo Alto, CA  94304-1044
   Telephone: +1 650 856 2400
5  Facsimile:  +1 650 856 9299

6  Attorneys for Defendant
   SOUTHWEST AIRLINES CO.

7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  LEE FAULKNER, | **Case Nos. CV08-07706 DDP (AGRx)** |
| 12         Plaintiff, | AMENDED STIPULATED CONFIDENTIALITY PROTECTIVE ORDER |
| 13     v. | |
| 14  STEPHANIE DOMINGUEZ, *et al.*, | Pre-Trial Conf.:    8-23-10 |
| 15         Defendants. | Trial Date:         8-31-10 |
| 16 | |

17

18         Plaintiff Stephanie Dominguez and Defendant Southwest Airlines Co. in the

19  action  *Stephanie Dominguez v. Southwest Airlines*, Case No. CV09-00569 DDP

20  (JWJx), and Plaintiff Lee Faulkner and Defendants Stephanie Dominguez, Southwest

21  Airlines Co. and Transport Workers Union Local 555 in *Dominguez v. Faulkner, et.*

22  *al*, Case No. CV08-07706 DDP (JWJx), jointly submit the following Amended

23  Stipulated Confidentiality Protective Order.  The parties mutually request that the

24  Court enter the protective order to facilitate the discovery process and protect

25  employee privacy rights.

26  / / /

27  / / /

28  / / /

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA  94304
+1 650 856 2400

PALDMS/402092.1

1

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

Here, the parties have conferred (through counsel) and seek entry of a protective order to facilitate production of documents that may contain confidential or private information, such as, but not limited to, personnel records of Mr. Faulkner and Ms. Dominguez and complaints or grievances by or against Mr. Faulkner and Ms. Dominguez, if any.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Confidentiality Protective Order.

2.   DEFINITIONS

2.1   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under FED. R. CIV. P. 26(c).

2.4   "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

Baker & McKenzie LLP
Palo Alto

PALDMS/402092.1

Case Nos. CV08-07706 DDP (AGRx), consolidated with CV09-00569 DDP (AGRx)
AMENDED STIPULATED CONFIDENTIALITY PROTECTIVE ORDER

2.6     Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7     Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8     Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9     Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    House Counsel:  attorneys who are employees of a Party.

2.11    Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof.

Baker & McKenzie LLP
Palo Alto

PALDMS/402092.1

Case Nos. CV08-07706 DDP (AGRx), consolidated with CV09-00569 DDP (AGRx)
AMENDED STIPULATED CONFIDENTIALITY PROTECTIVE ORDER

1    4.    <u>DURATION</u>

2           Even after the termination of this litigation, the confidentiality obligations

3    imposed by this Order shall remain in effect until a Designating Party agrees

4    otherwise in writing or a court order otherwise directs.

5    5.    <u>DESIGNATING PROTECTED MATERIAL</u>

6           5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

7    Each Party or non-party that designates information or items for protection under this

8    Order must take care to limit any such designation to specific material that qualifies

9    under the appropriate standards.  A Designating Party must take care to designate for

10    protection only those parts of material, documents, items, or oral or written

11    communications that qualify – so that other portions of the material, documents,

12    items, or communications for which protection is not warranted are not swept

13    unjustifiably within the ambit of this Order.

14           Mass, indiscriminate, or routinized designations are prohibited.  Designations

15    that are shown to be clearly unjustified, or that have been made for an improper

16    purpose (e.g., to unnecessarily encumber or retard the case development process, or to

17    impose unnecessary expenses and burdens on other parties), may expose the

18    Designating Party to sanctions.

19           If it comes to a Party's or a non-party's attention that information or items that

20    it designated for protection do not qualify for protection at all, or do not qualify for the

21    level of protection initially asserted, that Party or non-party must promptly notify all

22    other parties that it is withdrawing the mistaken designation.

23           5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in

24    this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise

25    stipulated or ordered, material that qualifies for protection under this Order must be

26    clearly so designated before the material is disclosed or produced.

27

28

PALDMS/402092.1

Case Nos. CV08-07706 DDP (AGRx), consolidated with CV09-00569 DDP (AGRx)
AMENDED STIPULATED CONFIDENTIALITY PROTECTIVE ORDER

Designation in conformity with this Order requires:

(a)    <u>for information in documentary form</u> (apart from transcripts of depositions), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top of each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b)    <u>for testimony given in deposition</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  When

Baker & McKenzie LLP
Palo Alto

PALDMS/402092.1

it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").  Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Confidentiality Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c)   for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

5.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely

Baker & McKenzie LLP
Palo Alto

notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

     6.1     Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

     6.2     Meet and Confer.   A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by requesting a conference with counsel for the Designating Party in accordance with the procedures set forth in Civil Local Rule 37-1.  As part of this process, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

     6.3     Judicial Intervention. If counsel are unable to resolve their differences after complying with the procedures set forth in Civil Local Rule 37-1, a challenge to a confidentiality designation may be pursued via a motion in accordance with the procedures set forth in Civil Local Rules 37-2 through 37-4 (and in compliance with Civil Local Rule 79-5, if applicable).  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

     7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case

Baker & McKenzie LLP
Palo Alto

PALDMS/402092.1

Case Nos. CV08-07706 DDP (AGRx), consolidated with CV09-00569 DDP (AGRx)
AMENDED STIPULATED CONFIDENTIALITY PROTECTIVE ORDER

only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   the Receiving Party and his, her or its Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)   experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)   the Court and its personnel;

(e)   court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f)   during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the

Baker & McKenzie LLP
Palo Alto

PALDMS/402092.1

Case Nos. CV08-07706 DDP (AGRx), consolidated with CV09-00569 DDP (AGRx)
AMENDED STIPULATED CONFIDENTIALITY PROTECTIVE ORDER

1  court reporter and may not be disclosed to anyone except as permitted under this

2  Stipulated Confidentiality Protective Order.

3          (g)     the author of the document or the original source of the

4  information.

5          7.3     <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES</u>

6  <u>ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in

7  writing by the Designating Party, a Receiving Party's Outside Counsel may disclose

8  any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

9  EYES ONLY" only to:

10          (a)     The Receiving Party's Outside Counsel of record in this action;

11          (b)     House Counsel of a Receiving Party;

12          (c)     the Court and its personnel;

13          (d)     court reporters, their staffs, and professional vendors to whom

14  disclosure is reasonably necessary for this litigation and who have signed the

15  "Agreement to Be Bound by Protective Order" (Exhibit A); and

16          (e)     the author of the document or the original source of the

17  information.

18  8.      <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN</u>

19  <u>OTHER LITIGATION</u>.

20          If a Receiving Party is served with a subpoena or an order issued in other

21  litigation that would compel disclosure of any information or items designated in this

22  action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

23  EYES ONLY," the Receiving Party must so notify the Designating Party, in writing

24  (by fax, if possible) immediately and in no event more than three court days after

25  receiving the subpoena or order.   Such notification must include a copy of the

26  subpoena or court order.

27          The Receiving Party also must immediately inform in writing the Party who

28  caused the subpoena or order to issue in the other litigation that some or all the

Baker & McKenzie LLP
Palo Alto

9

Case Nos. CV08-07706 DDP (AGRx), consolidated with CV09-00569 DDP (AGRx)
AMENDED STIPULATED CONFIDENTIALITY PROTECTIVE ORDER

PALDMS/402092.1

material covered by the subpoena or order is the subject of this Protective Order.   In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.   The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Confidentiality Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.   FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.   A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11.   FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.   As used in this subdivision, "all

Baker & McKenzie LLP
Palo Alto

10

PALDMS/402092.1

Case Nos. CV08-07706 DDP (AGRx), consolidated with CV09-00569 DDP (AGRx)
AMENDED STIPULATED CONFIDENTIALITY PROTECTIVE ORDER

Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.   With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.   Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12.   <u>MISCELLANEOUS</u>

    12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Baker & McKenzie LLP
Palo Alto

11

PALDMS/402092.1

Case Nos. CV08-07706 DDP (AGRx), consolidated with CV09-00569 DDP (AGRx)
AMENDED STIPULATED CONFIDENTIALITY PROTECTIVE ORDER

1    in evidence of any of the material covered by this Protective Order.

2              IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

3    Dated:    October 7, 2009          PETERS LAW GROUP

4                                       By: /s/ James J. Peters
                                            James J. Peters
5                                           Attorneys for Plaintiff STEPHANIE
                                            DOMINGUEZ in *Dominguez v.*
6                                           *Southwest Airlines Co.*

7    Dated:    October 6, 2009          LAW OFFICE OF LINDA ROSE
                                        FESSLER
8                                       By: /s/ Linda Rose Fessler
                                            Linda Rose Fessler
9                                           Attorneys for Plaintiff LEE
                                            FAULKNER in *Faulkner v. Dominguez,*
10                                          *et al.*

11   Dated:    October 12, 2009         ALTSHULER BERZON LLP

12                                      By: /s/ Barbara J. Chisholm
                                            Stephen P. Berzon
13                                          Barbara J. Chisholm
                                            Attorneys for Defendant TRANSPORT
14                                          WORKERS UNION LOCAL 555 in
                                            *Faulkner v. Dominguez, et al.*
15
     Dated:    October 12, 2009         LAW OFFICES OF EDWARD B.
16                                      CLOUTMAN, III

17                                      By: /s/ Edward B. Cloutman, III
                                            Edward B. Cloutman, III
18                                          Attorneys for Defendant TRANSPORT
                                            WORKERS UNION LOCAL 555 in
19                                          *Faulkner v. Dominguez, et al.*

20   Dated:    October 13, 2009         BAKER & McKENZIE LLP

21                                      By: /s/ Michael N. Westheimer
                                            Michael N. Westheimer
22                                          Brian Wong
                                            Attorneys for Defendant SOUTHWEST
23                                          AIRLINES CO. in *Faulkner v.*
                                            *Dominguez, et al.* and *Dominguez v.*
24                                          *Southwest Airlines Co.*

     IT IS SO ORDERED.
25
     Date: October 14, 2009
26                                      _____
27                                      HON. ALICIA G. ROSENBERG
                                        UNITED STATES MAGISTRATE JUDGE
28

Baker & McKenzie LLP
Palo Alto

PALDMS/402092.1

1

2

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3      I, _____ print or type full name], of _____

4   [print or type full address], declare under penalty of perjury under the laws of the

5   United States that I have read in its entirety and understand the Stipulated

6   Confidentiality Protective Order that was issued by the United States District Court

7   for the Central District of California in the cases of *Lee Faulkner v. Stephanie*

8   *Dominguez, et. al.*, Case No. CV08-07706 DDP (JWJx), and *Stephanie Dominguez v.*

9   *Southwest Airlines*, Case No. CV09-00569 DDP (JWJx).  I agree to comply with and

10  to be bound by all the terms of this Stipulated Confidentiality Protective Order and I

11  understand and acknowledge that failure to so comply could expose me to sanctions

12  and punishment in the nature of contempt.  I solemnly promise that I will not disclose

13  in any manner any information or item that is subject to this Order to any person or

14  entity except in strict compliance with the provisions of this Order.

15      I further agree to submit to the jurisdiction of the United States District Court

16  for the Central District of California for the purpose of enforcing the terms of this

17  Stipulated Confidentiality Protective Order, even if such enforcement proceedings

18  occur after termination of this action.

19      I  hereby  appoint  _____  [print  or  type  full  name]  of

20  _____ [print or type full address and telephone number] as

21  my California agent for service of process in connection with this action or any

22  proceedings related to enforcement of this Stipulated Confidentiality Protective Order.

23  Date: _____

24  City and State where sworn and signed: _____

25  Printed name: _____

26                              [printed name]

27  Signature: _____

28                              [signature]

Baker & McKenzie LLP
Palo Alto

13

PALDMS/402092.1